FILED
United States Court of Appeals
Tenth Circuit

April 29, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

DEE HENSHAW,

      Plaintiff-Appellant,

v.

DOUG BLISS; MATT WEBSTER,

      Defendants-Appellees,

  and

WAYNE COUNTY; KURT TAYLOR,

      Defendants.

No. 10-4115
(D.C. No. 2:09-CV-00152-TC)
(D. Utah)

---

**ORDER AND JUDGMENT**[*]

---

Before **O'BRIEN**, **ANDERSON**, and **HOLMES**, Circuit Judges.

Dee Henshaw appeals the district court decision granting summary

judgment to the defendants in his 42 U.S.C. § 1983 civil-rights action against

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

two Wayne County, Utah, deputy sheriffs who arrested him in the course of enforcing a facially valid order requiring Henshaw to stay away from his estranged wife's residence. We affirm.

I.

Henshaw and his wife are involved in divorce proceedings. On October 19, 2007, he and a friend, Stan Wiley, drove to his former residence to retrieve a water key. His wife, who has exclusive use of the property, called 911 to complain about Henshaw's violating a protective order. While responding to the call, Deputy Bliss saw Henshaw driving away from the residence, stopped him, and told him he was under arrest for violation of a protective order. Henshaw, however, claimed the protective order had been vacated. Rather than taking Henshaw into custody at that time, Deputy Bliss told him to take Wiley home and wait there while he investigated the matter further by talking to Mrs. Henshaw.

At the residence, Mrs. Henshaw showed Deputy Bliss a copy of an order issued in the divorce matter on August 27, 2007. Although the order vacated an earlier protective order entered in a related case, it also "set forth" the "applicable terms" of the earlier order. Aplt. App. at 79. In pertinent part, the order restrained Henshaw and his agents from committing, attempting, or threatening any form of violence against Mrs. Henshaw. *Id.* at 82. They were to "stay away from [Mrs. Henshaw's] current residence." *Id.* "Law enforcement officers from the Wayne County Sheriff's Office or any other appropriate law enforcement

-2-

agency [were] ordered to enforce the restraining order provisions of [the] Order."
*Id.* at 83.

After reading the order, Deputy Bliss decided he should enforce it by arresting Henshaw. Deputy Webster arrived as a back-up officer. He read the order and came to the same conclusion as Deputy Bliss. The deputies then went to Wiley's house where Henshaw was waiting, showed Henshaw a copy of the order, placed him in handcuffs, and transported him to jail.

Henshaw was charged with violation of a protective order. Later, however, the prosecution moved to dismiss the charge when it determined "the actual order was a [civil] restraining order instead of a protective order, which makes it not enforceable as a crime." *Id.* at 241. The prosecution's motion was granted and the matter dismissed.

In his civil-rights case, Henshaw claimed the deputies' actions violated his constitutional right to be free from unreasonable search and seizure.[1] The deputies moved for summary judgment based on quasi-judicial immunity, which can afford non-judicial officers the same absolute immunity enjoyed by judges

[1]     Henshaw's complaint also named Wayne County and Sheriff Kurt Taylor as defendants, alleged a violation of 42 U.S.C. § 1985(2), and set forth six state-law claims. The district court dismissed all claims against the county and the sheriff and the § 1985(2) claim against the deputies for failure to state a claim. And after Henshaw appealed the disposition of the § 1983 claim against the deputies, the district court granted his motion to dismiss the state-law claims without prejudice. Henshaw does not appeal the dismissal orders.

when a claim is based on duties performed in furtherance of the judicial process. *Whitesel v. Sengenberger*, 222 F.3d 861, 867 (10th Cir. 2000). The district court granted the motion and entered judgment in favor of the deputies. Henshaw appeals.

II.

"[W]e review the district court's grant of summary judgment on the basis of . . . quasi-judicial immunity de novo." *Guttman v. Khalsa*, 446 F.3d 1027, 1033 (10th Cir. 2006). We are required "to affirm the district court if, upon viewing the factual record in the light most favorable to the party opposing summary judgment," *id.*, we conclude "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law," Fed. R. Civ. P. 56(a).

"[I]mmunity which derives from judicial immunity may extend to persons other than a judge where performance of judicial acts or activity as an official aid of the judge is involved." *Whitesel*, 222 F.3d at 867 (quotation marks and alteration omitted). "[A]n official charged with the duty of executing a facially valid court order enjoys absolute immunity from liability for damages in a suit challenging conduct prescribed by that order." *Valdez v. City & County of Denver*, 878 F.2d 1285, 1286 (10th Cir. 1989). The executing officials are not to be "called upon to answer for the legality of decisions which they are powerless

to control," lest they become "a lightning rod for harassing litigation aimed at judicial orders." *Id.* at 1289 (quotation marks omitted).

Even an erroneous order, "infirm as a matter of state law," can be "facially valid" for purposes of quasi-judicial immunity. *Turney v. O'Toole*, 898 F.2d 1470, 1473 (10th Cir. 1990). Enforcing officers are not required to "evaluat[e] the legality of a decision issued by a judge trained in the law and authorized to issue such orders." *Mays v. Sudderth*, 97 F.3d 107, 114 (5th Cir. 1996).

Although the parties' arguments emphasize different facts, there is no dispute over the facts relevant to the quasi-judicial immunity issue. In arresting Henshaw, the deputies were acting within the scope of a facially valid court order. They are therefore entitled to absolute quasi-judicial immunity.

The judgment of the district court is AFFIRMED. Defendants' motion to dismiss is DENIED as moot.

Entered for the Court

Terrence L. O'Brien
Circuit Judge

-5-